IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

CAPITAL ONE 360 SAVINGS ACCOUNT
INTEREST RATE LITIGATION

MDL No. 1:24md3111 (DJN)

This document relates to
<u>ALL CASES</u>

**<u>ORDER</u>**
**(Denying Motion for Final Approval of Class Action Settlement)**

This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 196). The Court held a Final Approval Hearing in this matter on November 6, 2025. As stated from the bench during the Final Approval Hearing and for the reasons set forth below, the Court DENIES Plaintiffs' Motion (ECF No. 196).

Under Federal Rule of Civil Procedure 23(e), a proposed class action settlement that binds class members requires court approval. Fed. R. Civ. P. 23(e). The Court may grant such approval "only after a hearing and only on finding that [the proposed settlement] is fair, reasonable, and adequate." Fed R. Civ. P. 23(e)(2). The Court must consider a host of factors set forth in Rule 23 and spelled out by the United States Court of Appeals for the Fourth Circuit in *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991), when rendering its determination.

In preparation for the Final Approval Hearing, the parties filed extensive briefing concerning the settlement agreement itself, as well as the execution of the previously approved notice plan and the objections and opt-outs received during the notice period. The Court also received a report from the Special Master concerning opt-outs, payments already processed and

Capital One's compliance with various provisions of the proposed settlement agreement concerning payments. The Court also received numerous letters from class members and an amicus brief filed by the New York Attorney General's Office ("NY AGO"), on behalf of itself and seventeen other states, objecting to the proposed settlement. The Court also received filings from both parties and the NY AGO in response to its October 30, 2025 Order (ECF No. 248) seeking clarification on several issues concerning the proposed settlement agreement.

Having considered all of these materials, along with the arguments made during the Final Approval Hearing by the parties, various objectors and a representative of the NY AGO, the Court finds that the proposed class action settlement fails to meet the standard laid out in Rule 23(e), specifically as to the adequacy of the proposed settlement and the equitable treatment of class members. While the proposed settlement is fair from a procedural standpoint, the Court finds it neither reasonable nor adequate on substance, for the following reasons.

First, the Court finds, under *Jiffy Lube*, that the relative strength of Plaintiffs' claims, when viewed in light of difficulties of proof and defenses that Plaintiffs would encounter at trial, fails to support final approval of this settlement. Plaintiffs have set forth many strong arguments concerning potentially deceptive actions and potential breaches by Capital One, the vast majority of which have survived the motion to dismiss stage. While Plaintiffs face many hurdles to prevail on the merits of their claims, including class certification, *Daubert* motions and ultimately proving their claims (under various provisions of state law) by a preponderance of the evidence, and while the existence of numerous disputed issues creates uncertainty and risk for all parties, the relative strength of Plaintiff's claims supports a settlement that provides significantly greater relief than the proposal before the Court. In particular, this proposal, which — depending on the calculations used — potentially affords the class a recovery of less than 10% of damages,

fails to provide meaningful relief to the three-quarters of the class who remain in 360 Savings accounts. Under the proposed settlement, these millions of class members would continue to experience the same financial harm that they have already experienced for years. Such relief falls short of what is merited by Plaintiff's claims and therefore counsels against approval under *Jiffy Lube*.

Second, the degree of opposition to the proposed settlement similarly weighs against approval under *Jiffy Lube*. While the Court notes that the number of individual objectors — fewer than twenty —and opt-outs — fewer than 100 — are small relative to the size of the class, the Court credits the filing of opposition by 18 state attorneys general, who collectively represent nearly half of the population of the United States, and thus, presumably, nearly half of class members, as weighing substantially in opposition to this settlement. Given the Court's overall concerns around notice in this case (further discussed below), the Court also remains skeptical that the limited number of individual objections actually reflects the opinions of the class as a whole.

Third, in reviewing the adequacy of the proposed settlement under Rule 23, the Court finds that the proposed settlement fails to provide adequate forward-looking relief to the millions of class members who remain 360 Savings account holders. According to the parties' statements, these class members represent the overwhelming majority of the class, numbering in the range of four to five million account holders. Under the proposed settlement, and based on current interest rates and the pace at which the proposed $125 million additional interest pool has been spent so far, these class members will receive roughly 0.8% interest on their deposits for less than 16 months, at which time Capital One will revert them back to whatever interest rate it likes. That interest rate previously sat as low as 0.3% for much of the

relevant period. When contrasted with 360 Performance Savings account holders, who currently receive an interest rate of more than 4%, these class members would be earning 4 to 8 times *less* than 360 Performance savings account holders. Paired with a likely recovery of only around 10% of what these class members would have earned if Capital One had provided them with the "high interest" it promised (and that it provided to its 360 Performance Savings customers), the Court finds this future relief inadequate for purposes of Rule 23.

The Court emphasizes the central role that the parties' notice to these class members plays in its adequacy assessment. As it noted at the Final Approval Hearing, if these class members knowingly chose to remain in their 360 Savings accounts, rather than convert to 360 Performance Savings accounts and earn significantly higher interest, the Court would assume a different perspective. But that is not what happened here. Capital One points to an email that it sent to some 360 Savings account holders on December 6, 2024, titled titled "Earn a higher APY with a new account today." That email reads like a marketing pitch to open a new account, not to convert an existing, low-interest account into a vastly superior (but otherwise identical) account. The fact that less than half of that email's recipients opened it, and that only about 1% of those readers actually acted on it — despite the fact that doing so would have netted these customers nearly eight times more interest income — vividly demonstrates how inadequately this notice informed account holders of their options.

The notice provided as part of the notice plan in this litigation failed to cure these obvious deficiencies.[1] The settlement notice email and postcard notice, as well as the long form notice and the settlement website, all failed to inform the vast majority of class members in 360 Savings

---

[1] The Court notes that the notice provided to the settlement class *as it relates to the settlement itself* complied with the Court's earlier Order (ECF No. 174) and the requirements of Rules 23(e)(1) and 23(c)(2)(B).

4

accounts that their money continues to earn a fraction of the interest that it would be earning in a 360 Performance Savings account. While Plaintiffs highlighted during the Final Approval Hearing that the long form notice specifies that "Capital One has paid a higher rate of interest on 360 Performance Savings than it has paid on 360 Savings," this formulation employs only the past tense. Nowhere in these notices do the parties clarify that Capital One *continues to pay* 360 Savings account holders a much lower interest rate than if they held 360 Performance Savings accounts. Nor does this language speak to the gross disparity in interest rates between these two accounts. A reasonable person would read this language in the context of a settlement announcement and assume that, as part of the lawsuit and the settlement, Capital One has stopped this inequitable behavior. Unfortunately, such a reading would be mistaken here.

As such, the Court finds, on the basis of the inadequacy of the notice provided to 360 Savings account holders concerning the historic and ongoing disparity in interest rates between 360 Savings accounts and 360 Performance Savings accounts, that these account holders have not chosen to forego 360 Performance Savings accounts knowingly, and that the $125 million in forward-looking relief to these class members is thus inadequate.

The Court further notes that, even if it accepted Capital One's contrary position that the continuing 360 Savings account holders knowingly remain in these accounts despite the significantly lower interest income available to them, the proposed settlement would still fail Rule 23 muster. Under Rule 23(e)(2)(D), the Court must consider whether a proposed settlement "treats class members equitably relative to each other" before granting approval. Fed. R. Civ. P. 23(e)(2)(D). Here, class members who remain in their 360 Savings accounts stand to receive additional funds from the $125 million interest pool beyond their share of the $300 million class fund, granting them a higher recovery per capita than those class members who moved on from

5

their 360 Savings accounts. Such additional recovery would be patently inequitable under Capital One's scenario, where such account holders are knowingly choosing to remain in 360 Savings accounts. Rule 23(e)(2)(D) counsels against approving such a proposal, and the Court follows it accordingly.

For all of these reasons, the Court DENIES Plaintiff's Motion (ECF No. 196). As explained from the bench and as set forth in additional Court Orders to follow, the Court DIRECTS the parties to engage in further settlement negotiations to remedy the flaws in the proposed settlement highlighted by the Court.

Let the Clerk file a copy of this Order electronically and notify all counsel of record to include counsel for the New York Attorney General's Office, as well as the Special Master.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Dated: November 6, 2025